### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 16-36326 (MI) |
| | § | |
| ILLINOIS POWER GENERATING | § | Chapter 11 |
| COMPANY, | § | |
| | § | |
| Debtor.[1] | § | Emergency Hearing Requested |
| | § | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; (II) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PREPACKAGED PLAN; (III) APPROVING (A) PREPETITION SOLICITATION PROCEDURES, (B) FORM AND MANNER OF NOTICE OF COMMENCEMENT, COMBINED HEARING, AND OBJECTION DEADLINE, AND (C) FORM OF ELIGIBILITY LETTER; (IV) APPROVING PROCEDURES FOR ASSUMPTION OF CONTRACTS AND LEASES AND FORM AND MANNER OF CURE NOTICE; (V) CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION 341 MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES; AND (VI) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1]   The Debtor in this chapter 11 case is Illinois Power Generating Company and the last four digits of its federal tax identification number are 5586. The location of the Debtor's corporate headquarters and the Debtor's service address is:  601 Travis Street, Suite 1400, Houston, Texas 77002.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MOTION ON DECEMBER 12, 2016 AT 2:00 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 404, 515 RUSK STREET, HOUSTON, TEXAS 77002.

The above-captioned debtor and debtor in possession (the "**Debtor**"), by and through its undersigned counsel, hereby respectfully states as follows in support of this emergency motion (the "**Motion**"):

## RELIEF REQUESTED

1.      By this Motion, the Debtor respectfully requests entry of an order:

 i. scheduling a combined hearing (the "**Combined Hearing**") on January 23, 2017, or as soon thereafter as the Court's calendar allows, but not later than February 3, 2017, to (a) approve the adequacy of the *Offering Memorandum and Indenture Consent Solicitation Statement and Disclosure Statement Soliciting Acceptances of a Prepackaged Plan of Reorganization* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**")[2] and (b) consider confirmation of the *Prepackaged Chapter 11 Plan of Reorganization of Illinois Power Generating Company* (as may be amended, modified, or supplemented from time to time, the "**Plan**");[3]

 ii. establishing January 13, 2017, at 4:00 p.m. (Prevailing Central Time), as the deadline to electronically file objections to the adequacy of the Disclosure Statement or confirmation of the Plan (the "**Objection Deadline**"), and January 10, 2017, at 4:00 p.m. (Prevailing Central Time), as the deadline to hand file with the Clerk of the Court any such objections;

 iii. approving the Solicitation Procedures (as herein defined) with respect to the Plan, including the forms of Ballots (as herein defined);

 iv. approving the form and manner of the notice of the commencement of the Debtor's chapter 11 case, the Combined Hearing and the Objection Deadline;

 v. approving the form of the Eligibility Letter (as herein defined);

 vi. approving the Assumption Procedures (as defined herein) and the form and manner of the Cure Notice (as defined herein);

---

[2] A copy of the Disclosure Statement (with the Plan annexed as Exhibit A thereto) has been filed contemporaneously with this Motion.

[3] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

vii.     so long as the Plan is confirmed on or before February 9, 2017, (a) directing the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") not to convene an initial meeting of creditors under Section 341(a) of the Bankruptcy Code (the "**341 Meeting**") and (b) waiving the requirement that the Debtor file statements of financial affairs ("**SOFAs**") and schedules of assets and liabilities ("**Schedules**"); and

viii.    granting related relief

2.       A proposed form of order granting the relief requested herein is annexed hereto as Exhibit A (the "**Scheduling Order**").

3.       Below is a table highlighting the key dates relevant to the Solicitation Procedures (as defined below) and, subject to the Court's calendar, setting forth the Debtor's proposed dates for, among other things, the mailing and publishing (as applicable) of the Combined Notice (as defined below), the Objection Deadline, and the Combined Hearing.

| Event | Date/Deadline | Days Before/After Petition Date |
|---|---|---|
| Voting Record Date | October 28, 2016 | 42 (before) |
| Commencement of Solicitation | November 7, 2016 | 32 (before) |
| Voting Deadline | December 6, 2016, at 11:59 p.m. (Prevailing Eastern Time) | 3 (before) |
| Petition Date | December 9, 2016 | 0 |
| Mailing of Combined Notice and Eligibility Letter | December 13, 2016 | 4 (after) |
| Mailing of Cure Notice | December 27, 2016 | 18 (after) |
| Deadline to file Plan Supplement | December 30, 2016 | 21 (after) |
| Deadline to file Proposed Confirmation Order | January 6, 2017 | 28 (after) |
| Plan/Disclosure Statement Objection Deadline | January 13, 2017, at 4:00 p.m. (Prevailing Central Time) for electronically filed objections; January 10, 2017, at 4:00 p.m. (Prevailing Central Time) for hand filed objections | 35 (after) |
| Cure Notice Objection Deadline | January 13, 2017 | 35 (after) |

3

| Plan/Disclosure Statement Reply Deadline | January 19, 2017, at 4:00 p.m. (Prevailing Central Time) | 41 (after) |
| Combined Hearing | January 23, 2017, at _:00 a/p.m. (Prevailing Central Time) | 45 (after) |

4.      Also, summarized below are the attachments and exhibits cited throughout this Motion.

| Pleading | Exhibit |
|---|---|
| Proposed Scheduling Order | Exhibit A to this Motion |
| Combined Notice | Exhibit 1 to the Proposed Scheduling Order |
| Eligibility Letter | Exhibit 2 to the Proposed Scheduling Order |
| Cure Notice | Exhibit 3 to the Proposed Scheduling Order |
| Ballots | |
|    Form of Beneficial Ballot for Noteholder Claims | Exhibit B-1 to this Motion |
|    Form of Master Ballot for Noteholder Claims | Exhibit B-2 to this Motion |

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.  Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief requested herein are Sections 105(a), 341, 1125, 1126, and 1128 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "**Bankruptcy Code**"), Rules 1007(b), 2002, 2003, 3016, 3017, 3018, 3020, 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the United States Bankruptcy Court for the Southern District of Texas Procedures for Complex Chapter 11 Cases.

## EMERGENCY CONSIDERATION

7.      The Debtor requests emergency consideration of this Motion.  The Debtor believes an immediate and orderly transition into Chapter 11 and establishing a timeline for the

US-DOCS\73579209.15

Debtor's emergence is critical to the viability of its operations and the success of this Chapter 11 Case (as defined below).  The relief sought herein with respect to the 341 Meeting and the SOFAs and Schedules is necessary to allow the Debtor to focus on its prompt emergence from Chapter 11.  As discussed in detail below and in the First Day Declaration (as defined below), any delay in granting the relief requested could, in addition to the negative impact delay will have on the Debtor's operations, potentially cause a default under the Support Agreement (as defined below), which is predicated on, among other things, a swift emergence from chapter 11. As such, the Debtor believes that emergency consideration is necessary and requests that this Motion be heard at the Debtor's first day hearing.

## **BACKGROUND**

8.      On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and commenced this Chapter 11 case (the "**Chapter 11 Case**").  The Debtor is operating its business and managing its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case, and no official statutory committees have been appointed or designated by the U.S. Trustee.

9.      A description of the Debtor's business, the reasons for commencing this Chapter 11 Case, and the relief sought from the Court to allow for a smooth transition into chapter 11 (including the facts and circumstances supporting this Motion) are set forth in the *Declaration of Jeff Hunter, Chief Restructuring Officer of the Debtor, in Support of the Chapter 11 Petition and First Day Pleadings* (the "**First Day Declaration**") filed contemporaneously with this Motion.

The Debtor hereby adopts and incorporates such description as if fully set forth herein.[4]

10.     The Chapter 11 Case is a "prepackaged" case commenced for the purpose of implementing an agreed restructuring of the Debtor's senior unsecured note debt; all other claims against the Debtor are unimpaired under the proposed Plan.  Prior to the Petition Date, the Debtor entered into a Restructuring Support Agreement (the "**Support Agreement**") with Dynegy Inc. ("**Dynegy**"), certain of the Debtor's other non-debtor affiliates, and the holders of approximately 72% of the outstanding principal amount of the Debtor's senior unsecured notes (the "**Supporting Noteholders**"), including those members of an ad hoc group of noteholders which collectively hold approximately 64% of the outstanding principal amount of the Debtor's senior unsecured notes (the "**Ad Hoc Group of Noteholders**").

11.     The Support Agreement contemplated that the restructuring of Genco's senior unsecured note debt would be consummated either through an out of court exchange offer (the "**Exchange Offer**") or through a prepackaged bankruptcy filing in the event that holders of at least 97% in principal amount of the notes did not agree to the terms of the Exchange Offer and tender their notes in connection therewith.  On November 7, 2016, solicitation was commenced with respect to (i) acceptance of the Exchange Offer and (ii) acceptance or rejection of the Plan. The threshold for acceptance of the Exchange Offer was not met and, as a result, the Debtor filed the Chapter 11 Case.

12.     The Plan, reflecting the terms of the Support Agreement, was filed on the Petition Date, along with the Disclosure Statement.  The Plan provides that, with the exception of Allowed Class 5 Noteholder Claims which will receive the consideration contemplated by the Support Agreement which was negotiated by the Ad Hoc Group of Noteholders, all classes of

---

[4]     The First Day Declaration and other relevant case information is available on the following website maintained by the Debtor's proposed claims, balloting, and noticing agent, Epiq Bankruptcy Solutions, LLC (the "**Voting Agent**"), in connection with this Chapter 11 Case:  http://dm.epiq11.com/IPG.

claims and interests, including Allowed General Unsecured Claims, will be paid in full, reinstated, or otherwise unimpaired.

13.     Accordingly, votes on the Plan were solicited prior to the Petition Date from holders of Class 5 Noteholder Claims, the only class entitled to vote under the Plan.  On the Petition Date, Epiq filed a declaration regarding service of solicitation packages and tabulation of ballots cast on the Plan (the "**Voting Declaration**").  The Voting Declaration showed that 96.9% in amount and 82.9% in number of votes on account of Class 5 Noteholder Claims voted to accept the Plan.

14.     The Debtor seeks to obtain confirmation of the Plan as quickly as the Court's schedule and requisite notice periods will permit.  As discussed below, the Support Agreement can be terminated by the parties thereto if the Plan is not confirmed by March 31, 2017, or has not been consummated by April 30, 2017.  Accordingly, the Debtor requests that the Court schedule the Combined Hearing on January 23, 2017.

## BASIS FOR RELIEF

### A.     Scheduling a Combined Hearing

15.     The Debtor seeks a Combined Hearing to consider approval of the Disclosure Statement and the Plan.  In order to obtain confirmation of the Plan and emerge from bankruptcy as soon as practicable, the Debtor requests that the Combined Hearing be held, subject to the Court's schedule, on Monday, January 23, 2017 (the "**Combined Hearing Date**") but no later than Friday, February 3, 2017.  This request is consistent with applicable statutes, and rules, and will facilitate an expeditious reorganization on a schedule in compliance with the dates set forth in the Support Agreement.  The Debtor further requests that the Scheduling Order provide that the Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing with

notice of such adjourned date(s) available on the electronic case filing docket.

16.     Bankruptcy Rules 2002(b) and 3017(a) require twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).   The Debtor seeks by this Motion to have the Court set January 13, 2017 (or three days earlier for hand filed objections) as the Objection Deadline, a date which is thirty-five (35) days after the Petition Date.   Section 1128(a) of the Bankruptcy Code provides, "[a]fter notice, the court shall hold a hearing on confirmation of a plan."   In addition, Bankruptcy Rule 3017(c) provides, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."   Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of the related plan.   *See* 11 U.S.C. § 105(d)(2)(B)(vi).

17.     The most sensitive and difficult task required to effectuate a successful reorganization—the formulation and negotiation of a consensual plan of reorganization with critical creditor constituencies—concluded in advance of the Petition Date.   Accordingly, a Combined Hearing in this Chapter 11 Case would promote judicial economy and enable the Debtor to expeditiously effectuate its restructuring, preserving value for its stakeholders.   An expeditious emergence from chapter 11 will minimize the adverse effects of the chapter 11 filing upon the Debtor's business and will serve to minimize administrative expenses of the estate.   Such benefits are the hallmarks of a prepackaged plan of reorganization.   In addition to the reasons set forth above, it is appropriate to enter the Scheduling Order at this time so that parties

in interest may be informed as promptly as practicable of the anticipated schedule of events for confirmation of the Plan.

18.     The proposed schedule set forth herein affords creditors, interest holders and all other parties in interest ample notice of this Chapter 11 Case and the Combined Hearing. Specifically, the proposed schedule affords approximately forty-five (45) days after notice of the Confirmation Hearing for parties to evaluate their rights in respect of the Plan prior to the proposed Combined Hearing thereon and, therefore, no party in interest will be prejudiced by the requested relief.

19.     Therefore, the Debtor respectfully requests entry of the Scheduling Order, pursuant to Section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting January 23, 2017, as the date for the Combined Hearing.

**B.      Approval of the Solicitation Procedures and Forms of Solicitation Materials, including the Adequacy of the Disclosure Statement**

20.     The Debtor requests that the Court approve the solicitation, balloting, tabulation, and related activities undertaken in connection with solicitation of the Plan, all of which were commenced and completed by the Debtor prior to the Petition Date (collectively, the "**Solicitation Procedures**").  As set forth below, the Debtor submits that the Solicitation Procedures (i) comply with the various applicable provisions of the Bankruptcy Rules, Bankruptcy Code and non-bankruptcy laws and (ii) should be approved.

9

1.    *Compliance with Non-Bankruptcy Securities Laws Applicable to Prepetition Solicitation*

21.    Sections 1125(g) and 1126(b) of the Bankruptcy Code expressly permit a debtor to solicit votes prepetition from holders of claims and equity interests without a court-approved disclosure statement if the solicitation complies with applicable non-bankruptcy law, which includes applicable federal and state securities laws or regulations.  If no such laws exist, the solicited holders must receive "adequate information" within the meaning of Section 1125(a) of the Bankruptcy Code.

22.    The Solicitation Procedures comply with all applicable non-bankruptcy laws, including those governing the adequacy of disclosure in connection with the solicitation of votes on the Plan.  The Debtor solicited votes on the Plan over the course of twenty nine (29) days from all holders of Noteholder Claims.  However, only Holders of Noteholder Claims who subsequently participate and certify that they are (i) located inside the United States and are (a) "qualified institutional buyers" (as defined in Rule 144A under the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa, as amended (as amended, the "**Securities Act**")) or (b) "accredited investors" (as defined in Rule 501(a) of Regulation D under the Securities Act) or (ii) located outside the United States and are persons other than "U.S. persons" (as defined in Rule 902 under the Securities Act) (collectively, the "**Eligible Holders**"), will receive new securities under the Plan.  Therefore, the solicitation of votes by the Debtor from Eligible Holders was exempt from the registration requirements of the Securities Act pursuant to Section 4(a)(2) thereof (which creates an exemption from the registration requirements under the Securities Act for transactions not involving a "public offering" (see Securities Act, 15 U.S.C. § 77(d)(a)(2))) and Regulation S thereof (which creates an exemption from the registration requirements under the Securities Act for offers and sales of securities that occur outside of the United States).

23.     On the other hand, Holders of Noteholder Claims who subsequently participate and certify that they are not Eligible Holders (collectively, the "**Non-Eligible Holders**") will not receive any new securities under the Plan, but instead, will receive cash on account of their Noteholder Claims.   Accordingly, no exemption from the registration requirements of the Securities Act or state securities laws was required for the solicitation of votes from Non-Eligible Holders.

24.     Therefore, because the Solicitation Procedures complied with applicable Federal and state securities laws, the Debtor's actions under the Solicitation Procedures satisfied the requirements of Section 1126(b)(1) of the Bankruptcy Code.

25.     Further, the Debtor respectfully submits that the Solicitation Procedures also satisfy Section 1126(b)(2) of the Bankruptcy Code.   All holders of Noteholder Claims in the Voting Class received "adequate information" as that term is used in Section 1125(a) of the Bankruptcy Code and, accordingly, the Solicitation Procedures with respect to the Voting Class should be approved.

### 2.     *Disclosure Statement*

26.     At the Combined Hearing, the Debtor will seek approval of the Disclosure Statement.   Under Section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of reorganization, which is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

27.     Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the bankruptcy court:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.  Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection.  There will be a balancing of interests in each case.   In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365.  *See also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (observing that "adequate information will be determined by the facts and circumstances of each case"); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex.  Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what constitutes adequate information is "subjective," "made on a case-by-case basis," and "largely in the discretion of the bankruptcy court").

28.     As noted above, solicitation with respect to votes to accept or reject the Plan was commenced simultaneously with solicitation of acceptances with respect to the Exchange Offer. As a result, the Disclosure Statement served as both the offering memorandum with respect to the Exchange Offer and the disclosure statement with respect to the Plan.[5]

29.     The Disclosure Statement is extensive and comprehensive.   It contains descriptions of, among other things: (i) the Plan; (ii) the operation of the Debtor's business; (iii) the Debtor's significant prepetition indebtedness; (iv) the Support Agreement; (v) the proposed capital structure of the Reorganized Debtor;  (vii) securities to be issued upon consummation of the Plan; (vii) financial information and valuations that would be relevant to

---

[5]     Courts in other districts have approved joint offering memoranda/disclosure statements as providing adequate information.  *See, e.g.*, *In re Central European Distribution Corporation, et al.*, Case No. 13-10738 (CSS) (Bankr. D. Del. May 13, 2013); *In re Vertis Holdings, Inc., et al.*, Case No. 10-16170 (ALG) (Bankr. S.D.N.Y. Dec. 16, 2010); *In re CIT Group Inc. and CIT Group Funding Company of Delaware LLC*, Case No. 09-16565 (ALG) (Bankr. S.D.N.Y. Dec. 8, 2009).

US-DOCS\73579209.15

creditors' determinations of whether to accept or reject the Plan; (viii) a liquidation analysis setting forth the estimated return that holders of claims and interests would receive in a hypothetical chapter 7 liquidation; (ix) risk factors affecting the Plan; and (x) federal tax law consequences of the Plan.

30. Based on the foregoing, the Debtor will request at the Combined Hearing that this Court approve the Disclosure Statement as meeting the requirements for "adequate information" under Section 1125(a) of the Bankruptcy Code.

> ### 3. *Non-Solicitation of Classes Presumed to Accept the Plan*

31. The Plan provides that specific Classes of claims against, and interests in, the Debtor are presumed to accept the Plan (collectively, the "**Non-Voting Classes**" and the holders of such claims and interests, collectively, the "**Non-Voting Holders**"). Specifically, the Plan provides that holders of claims and equity interests in Class 1 (Other Priority Claims), Class 2 (Secured Claims), Class 3 (General Unsecured Claims), Class 4 (Intercompany Claims), and Class 6 (Equity Interests) are unimpaired. Pursuant to Section 1126(f) of the Bankruptcy Code, each holder of a claim or interest in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, holders of claims and equity interests in each of the above-mentioned Non-Voting Classes are conclusively presumed to accept the Plan and were not solicited.

32. The Debtor is requesting a waiver of the requirement that it mail copies of the Plan and Disclosure Statement to holders of claims and equity interests presumed to accept the Plan. *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders). The Debtor submits that Bankruptcy Rule 3017(d) does not apply here because the Debtor solicited

13

acceptances and rejections of the Plan on a prepetition basis, and, thus, there is no disclosure statement that was "approved by the court" to transmit.  Alternatively, the Court should order that the Debtor is not required to provide those materials to unimpaired Classes.  Moreover, it would be a significant and unnecessary administrative burden on the Debtor to transmit the Disclosure Statement and Plan to holders of claims or interests that have been deemed to accept the Plan.

33.     In lieu of furnishing each of the Non-Voting Holders with a copy of the Plan and Disclosure Statement, the Debtor proposes to send to such Non-Voting Holders the Combined Notice, which sets forth a summary of the Plan and the treatment of such Non-Voting Holders' Claims or Interests and sets forth the manner in which a copy of the Plan and the Disclosure Statement may be obtained.  In addition, the Debtor has made the Disclosure Statement and the Plan available at no cost on the website of the Voting Agent at http://dm.epiq11.com/IPG.

34.     The Solicitation Procedures undertaken by the Debtor and described herein with respect to the Non-Voting Classes comply with the Bankruptcy Code and should be approved.  Accordingly, the Debtor respectfully requests that the Court approve the Solicitation Procedures with respect to the Non-Voting Classes.

    *4. Solicitation of Impaired Class Entitled to Vote to Accept or Reject the Plan*

35.     One Class of Claims is impaired and was entitled to vote to accept or reject the Plan—Class 5 (Noteholder Claims) (the "**Voting Class**").

36.     On November 7, 2016, the Debtor commenced soliciting votes from members of the Voting Class by transmitting copies of the solicitation package (the "**Solicitation Package**") containing a cover letter from the Debtor, the Disclosure Statement, including the Plan and other exhibits thereto, and one or more Ballots (as defined below), as applicable, to The Depository

14

Trust Company ("**DTC**"), and on November 8, 2016, to the brokers, dealers, commercial banks, trust companies, or other agents or nominees (collectively, "**Nominees**") through which beneficial owners hold their Noteholder Claims, with instructions to forward the Solicitation Package to holders of Noteholder Claims via first class mail.

37.     The Solicitation Package advised recipients, among other things, that the deadline for submitting a Ballot containing a vote to accept or reject the Plan was December 6, 2016 at 11:59 p.m. (Prevailing Eastern Time) (the "**Voting Deadline**").  The Solicitation Package further advised recipients that Ballots must be returned to the Voting Agent, and specified that Ballots must be returned by regular mail, hand delivery, or overnight courier to an address specified on the Ballot.  Each Ballot also contained detailed instructions on how to complete it and how to make any applicable elections contained therein.

38.     Moreover, the materials in the Solicitation Package established and communicated how the Voting Agent would tabulate the votes and elections contained in the Ballot.  Those tabulation rules provided, among other things, that the following Ballots would not be counted in determining the acceptance or rejection of the Plan:  (a) any ballot that is illegible or contains insufficient information to permit the identification of the claimant, (b) any ballot cast by a person that does not hold a claim in a class entitled to vote on the Plan, (c) any unsigned ballot, (d) any ballot that does not contain an original signature and (e) any ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.  As specified on the Ballots, any Ballot received after the Voting Deadline (provided that the Voting Deadline had not been extended) would not be counted as a vote in determining acceptance or rejection of the Plan.

     5.     *Forms of Ballots*

39.     Bankruptcy Rule 3017(d) requires that the Debtor use a form of ballot

15

substantially conforming to Official Form No. 14.  The Ballots are based on Official Form No. 14, but were modified to address the particular aspects of this Chapter 11 Case and to be relevant and appropriate for the Voting Class.  With respect to the Voting Class, the Debtor distributed two forms of Ballots: (i) a form of Ballot for beneficial owners holding Noteholder Claims through a Nominee or as record holder in its own name, a copy of which is attached hereto as Exhibit B-1 (a "**Beneficial Owner Ballot**"); and (ii) a form of Ballot for a Nominee that is the registered holder of Noteholder Claims (or agent thereof) to transmit the votes of one or more beneficial owners, a copy of which is attached hereto as Exhibit B-2 (the "**Master Ballot**" and together with the Beneficial Owner Ballot, the "**Ballots**").  As set forth above, to be counted as votes to accept or reject the Plan, the Ballots were required to be properly executed, completed, and delivered to the Voting Agent so that they were received no later than the Voting Deadline; *provided, however*, that beneficial holders of Noteholder Claims who received a Beneficial Owner Ballot from a bank or brokerage firm (or its agent) were advised to return the Beneficial Owner Ballot to such intermediary firm (or its agent) with sufficient time for such intermediary to complete and return the Master Ballot to the Voting Agent prior to the Voting Deadline.  In addition, each of the Ballots was specifically designed to conform to the Plan.

### 6.     *Voting Record Date and Voting Deadline*

40.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan of reorganization, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."   Fed R. Bankr. P. 3017(d).   Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  Bankruptcy Rule 3018(b) provides, among other things, that prepetition acceptances

or rejections of a plan are valid only if the plan was "transmitted to substantially all creditors and equity security holders of the same class" and that the time for voting was not "unreasonably short."

41.     On November 8, 2016, the Solicitation Packages were distributed to the Nominees through which beneficial owners hold their claims in the Voting Class as of October 28, 2016 (the "**Voting Record Date**").[6]  The Voting Record Date and the Voting Deadline were clearly identified in the Disclosure Statement and each of the Ballots.

42.     All holders of claims in the Voting Class had adequate time to consider the materials in the Solicitation Packages.  As an initial matter, the Ad Hoc Group of Noteholders, which represents nearly two-thirds in amount of the claims in the Voting Class, played an instrumental role in negotiating the terms of the restructuring which would be incorporated into the Plan and Disclosure Statement with the Debtor and certain other key constituencies over a period of several months.  Through its participation in that process, the Ad Hoc Group of Noteholders had ample time to extensively review the Plan and Disclosure Statement, whether directly or through its professional advisors.  Given these circumstances and the fact that the Voting Deadline was twenty-nine (29) days after the commencement of solicitation,[7] the Debtor submits that the members of the Voting Class had a sufficient amount of time to make an informed decision to accept or reject the Plan.

        **C.      Approval of Form and Manner of Eligibility Letter**

43.     As set forth above, the Plan provides for holders of Noteholder Claims to receive only cash on account of their Noteholder Claims, rather than new securities, if such holders are

---

[6]        The Disclosure Statement was also made available on the Voting Agent's website for this restructuring.

[7]        The Voting Deadline and the deadline to participate in the Exchange Offer were both twenty-nine (29) days, and twenty (20) business days, after the commencement of solicitation.  Both the Support Agreement and Rule 13e-4(f) under the Securities Exchange Act of 1934 required that the Exchange Offer be left open for twenty (20) business days.  *See* 17 C.F.R. 240.13e-4(f).

US-DOCS\73579209.15

not Eligible Holders.  Accordingly, in order to receive a distribution under the Plan, a holder of

Noteholder Claims must certify that it is either an Eligible Holder (i.e., an Accredited Investor,

Qualified Institutional Buyer or Non-U.S. Person) or that it is a Non-Eligible Holder.  The Plan

provides for such a certification to be made pursuant to an Eligibility Letter, defined in the Plan

as "a letter to be delivered by the beneficial holder of Noteholder Claims to the Reorganized

Debtor or Disbursing Agent in which such holder, among other things, certifies that it is either an

Eligible Holder or a Non-Eligible Holder, which will be distributed to Noteholders promptly

following the Petition Date" (the "**Eligibility Letter**").  Plan, at § 1.2(a) 47.  Additionally, in

order to receive a distribution under the Plan, a holder of Noteholder Claims must tender its

notes as described in item 3 of the Eligibility Letter, as well as comply with any other

instructions set forth in the Eligibility Letter and Section 7.4 of the Plan.[8]

44.     The Debtor proposes to mail (or cause to be mailed) within two (2) business days

of the entry of the Scheduling Order or as soon as reasonably practicable thereafter, the

Eligibility Letter, substantially in the form annexed as Exhibit 2 to the Scheduling Order, to all

holders of Noteholder Claims.  Providing holders of Noteholder Claims with the Eligibility

Letter prior to the Combined Hearing, and thus allowing such holders to certify their status as

either an Eligible Holder or a Non-Eligible Holder in advance of the Combined Hearing, will

allow for the prompt distribution to such holders of their applicable distribution pursuant to the

Plan in the event that the Plan is confirmed following the Combined Hearing.

---

[8]     Among other things, Section 7.4 of the Plan provides that a holder of Noteholder Claims who fails to follow the instructions set forth in Section 7.4 and the Eligibility Letter on or prior to one hundred and sixty five (165) days after the Effective Date of the Plan shall have its Claim and its distribution pursuant to the Plan on account of such Noteholder Claim discharged and forfeited and shall not participate in any distribution under the Plan.  Similar procedures have been approved by other courts.  *See, e.g., In re Inversiones Alsacia S.A., et al.*, Case No. 14-12896 (MG) (Bankr. S.D.N.Y. Dec. 4, 2014) (confirmation order providing that noteholders who failed to surrender notes required to be tendered under the Plan within one hundred and eighty (180) days after the plan's effective date would have their claims and their distribution pursuant to the plan on account of such claims discharged and forfeited and would not participate in any distribution under the plan).

45.     The Debtor proposes to send the Eligibility Letter to holders of Noteholder Claims as reflected in the records maintained by the Debtor's transfer agent(s) or trustee(s).  The Debtor realizes, however, that the records maintained by such transfer agent(s) or trustee(s) reflect the Nominees through which the beneficial owners hold the various securities. Accordingly, the Debtor requests that the Court (i) authorize the Debtor to provide the Nominees with sufficient copies of the Eligibility Letter to forward to the beneficial holders and (ii) require the Nominees to forward the Eligibility Letter or copies thereof to the beneficial holders within seven (7) days of the receipt by such Nominee of the Eligibility Letter.  To the extent the Nominees incur out-of-pocket expenses in connection with distribution of the Eligibility Letter, the Debtor requests authority to reimburse such entities for their reasonable and customary expenses incurred in this regard.  Accordingly, the Debtor respectfully requests that this Court approve the Eligibility Letter, substantially in the form annexed as Exhibit 2 to the Scheduling Order, and the proposed manner of notice thereof.

**D.      Approval of Cure Procedures and Form and Manner of Cure Notice**

46.     Section 5.1 of the Plan provides that, subject to certain exceptions set forth therein, upon the Effective Date of the Plan, the Debtor will be deemed to have assumed all executory contracts or unexpired leases (each, a "**Contract or Lease**" and, collectively, the "**Contracts and Leases**") to which the Debtor is a party as of the Petition Date.  To facilitate such assumption, consistent with the Plan and the requirements of the Bankruptcy Code, the Debtor proposes the following procedures (the "**Assumption Procedures**"):

(a)     Notice.  The Debtor proposes to mail (or cause to be mailed) the notice attached as Exhibit 3 to the Scheduling Order (the "**Cure Notice**") to all counterparties to the Debtor's Contracts and Leases (the "**Contract Parties**") no later than December 27, 2016.

(b)     Content of the Cure Notice.   The Cure Notice will include the following information: (i) the title of the Contract or Lease to be assumed; (ii) the name of

19

the counterparty to the Contract or Lease; (iii) any applicable cure amounts, whether arising prepetition or post-petition (the "**Cure Amount**"); and (iv) the deadline by which any such Contract Party must object to the assumption of such Contract or Lease.

(c)   Objections.  Objections to the proposed Cure Amount and adequate assurance of future performance obligations to the Contract Parties must: (i) be in writing; (ii) set forth the nature of the objector's claims against or interests in the Debtor's estate and the basis for the objection and the specific grounds therefor; (iii) comply with the Bankruptcy Rules, Bankruptcy Local Rules, and orders of this Court; and (iv) be filed with the Clerk of the Court by the Objection Deadline (or the 14th day after the date the objecting Contract Party is served with the Cure Notice, if such date is later than the Objection Deadline).

(d)   Effects of Objecting to a Cure Notice.  A properly filed objection to a Cure Notice will reserve such objecting party's rights against the Debtor with respect to the relevant objection (each such objection a "**Cure Objection**") but will not constitute an objection to the remaining relief requested in this Motion.

(e)   Effects of Not Objecting to a Cure Notice.  If a Contract Party does not object to: (a) the Cure Amount for its Contracts and Leases; (b) the ability of the Debtor to provide adequate assurance of future performance as required by Section 365 of the Bankruptcy Code; or (c) any other matter pertaining to assumption, then the Cure Amounts owed to such Contract Party shall be paid as soon as reasonably practicable after the effective date of the assumption of such Contract or Lease, and such Contract Party shall forever be barred and estopped from objecting (i) to the proposed Cure Amount as the amount to cure all defaults to satisfy Section 365 of the Bankruptcy Code and from asserting that any additional amounts are due or defaults exist; (ii) that any conditions to assumption must be satisfied under such Contract or Lease before it can be assumed; or (iii) that the Debtor has not provided adequate assurance of future performance as contemplated by Section 365 of the Bankruptcy Code.

47.   As set forth above in the Assumption Procedures, if a Contract Party objects to the Cure Amount for its Contract or Lease, then such Contract Party's rights would be reserved. If the Plan is approved then Cure Objections will be resolved in accordance with the provisions of the Plan, including Section 5.2(b) thereof, which provides, in part, for disputes regarding Cure Amounts to be resolved by the earlier of "(y) the entry of a Final Order resolving the dispute and approving the assumption if such dispute is adjudicated in the Bankruptcy Court, or (z) as to disputed monetary amounts allegedly due under the executory contract or unexpired lease,

20

following the final resolution of such matter if the Debtor elected to handle such dispute in the procedural manner in which it would have been settled, determined, resolved or adjudicated if the Chapter 11 Case had not been commenced."

48.     Approval of the Assumption Procedures and the Cure Notice as requested herein will allow Contract Parties sufficient time to review the Cure Notice and file any objections to Cure Amounts prior to the Combined Hearing.  Accordingly, the Debtor respectfully requests that this Court approve the Assumption Procedures as well as the Cure Notice, substantially in the form annexed as Exhibit 3 to the Scheduling Order, and the proposed manner of notice thereof.

### E.     Deadline and Procedures for Objections to the Disclosure Statement and Confirmation of the Plan

49.     Bankruptcy Rules 3017(a) and 3021(b), respectively, authorize the Court to fix a time for filing objections to the adequacy of a disclosure statement and to confirmation of a plan of reorganization.  Further, Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement and confirmation of a plan of reorganization.

50.     The Debtor requests that the Court set January 13, 2017, at 4:00 p.m. (Prevailing Central Time), as the deadline to electronically file objections to the adequacy of the Disclosure Statement or confirmation of the Plan, and January 10, 2017, at 4:00 p.m. (Prevailing Central Time), as the deadline to hand file any such objections with the Clerk of the Court.  The proposed Objection Deadline will provide creditors and equity interest holders with sufficient notice of the deadline for filing objections to the Disclosure Statement and Plan, while still affording the Debtor and any parties in interest time to file a responsive brief and resolve consensually as many of those objections as possible.

US-DOCS\73579209.15

51.     The Debtor will file the Plan Supplement no later than fourteen (14) days prior to the Objection Deadline, as required by Section 4.11 of the Plan.  The Plan Supplement will include forms of, without limitation, the Genco Working Capital Facility, the New Indenture, the New Warrant Agreement, the proposed Schedule of Rejected Contracts and Leases (if any), the New Genco Governing Documents, and the announcement of any change in the name of the Reorganized Debtor.  The Debtor proposes to file a proposed order confirming the Plan (the "**Confirmation Order**") no later than January 6, 2017, which is seven (7) days prior to the Objection Deadline.

52.     The Debtor further requests that the Court direct that any responses or objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"); (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Clerk of the Court.

53.     The Debtor further requests that it be authorized to file a brief in support of confirmation that, among other things, (i) demonstrates that the Plan satisfies the requirements for plan confirmation set forth in Section 1129 of the Bankruptcy Code and (ii) responds to objections to confirmation received by the Objection Deadline, if any, by January 19, 2017.

54.     The Debtor believes that the Plan satisfies all of the requirements for confirmation under the Bankruptcy Code.  Therefore, as noted above, the Debtor has requested that the Court schedule the Combined Hearing for January 23, 2017, at which time the Debtor will seek confirmation of the Plan.

US-DOCS\73579209.15

F.  **Approval of Form and Manner of Notice of the Commencement of the Chapter 11 Case, the Combined Hearing, and the Objection Deadline**

55.    The Debtor proposes to mail (or cause to be mailed) within two (2) business days of the entry of the Scheduling Order or as soon as reasonably practicable thereafter, to all known holders of claims against and interests in the Debtor a notice (the "**Combined Notice**"), substantially in the form annexed as Exhibit 1 to the Scheduling Order, setting forth, among other things, (i) the notice of commencement of the Chapter 11 Case, (ii) the date, time, and place of the Combined Hearing, (iii) instructions for obtaining copies of the Disclosure Statement and Plan, (iv) the Objection Deadline and procedures for filing objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan, and (v) a summary of the Plan.

56.    The Debtor proposes to send the Combined Notice to holders of Noteholder Claims as reflected in the records maintained by the Debtor's transfer agent(s) or trustee(s) as of the close of business on the Voting Record Date.  However, if the Debtor or its transfer agent(s) or trustee(s) are notified of the transfer of a Noteholder Claim and its attendant voting rights subsequent to the Voting Record Date, the Debtor will send the Combined Notice to the transferee of such Noteholder Claim rather than to the holder of the Noteholder Claim as of the Voting Record Date.  The Debtor realizes, however, that the records maintained by such transfer agent(s) or trustee(s) reflect the Nominees through which the beneficial owners hold the various securities.  Accordingly, the Debtor requests that the Court (i) authorize the Debtor to provide the Nominees with sufficient copies of the Combined Notice to forward to the beneficial holders and (ii) require the Nominees to forward the Combined Notice or copies thereof to the beneficial holders within seven (7) days of the receipt by such Nominee of the Combined Notice.  To the extent the Nominees incur out-of-pocket expenses in connection with distribution of the

23

Combined Notice, the Debtor requests authority to reimburse such entities for their reasonable and customary expenses incurred in this regard.

57.     Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors.  Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtor's equity security holders.

58.     In addition, Bankruptcy Rule 2002(1) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  The Debtor requests that the Court authorize it, in its sole discretion, to provide supplemental publication notice of the Combined Hearing not less than fourteen (14) days prior to the Combined Hearing Date in the *Houston Chronicle*, the national edition of *USA Today*, and any other trade or other publications the Debtor deems prudent in its sole discretion (the "**Publication Notice**").  The Debtor believes that the publication of certain of the contents of the Combined Notice in this manner would provide sufficient notice of the date, time, and place of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Combined Notice by mail.

59.     To provide another layer of notice to parties in interest in the Chapter 11 Case, the Debtor will post to the Voting Agent's website various chapter 11 documents, including the following: (i) the Plan, (ii) the Disclosure Statement, (iii) this Motion and any orders entered in connection with this Motion, and (iv) the Combined Notice.  Moreover, notice of commencement of the Debtor's Chapter 11 Case will be filed with the Securities and Exchange Commission on Form 8-K and, thus, will be available to interested parties through the Securities and Exchange Commission's EDGAR website.

60.     The proposed service of the Combined Notice will provide sufficient notice to all parties in interest in the Debtor's Chapter 11 Case of the commencement of such case, the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement or the confirmation of the Plan.  In addition, the Publication Notice will provide sufficient notice to persons who do not receive the Combined Notice by mail.

61.     Accordingly, the Debtor respectfully requests that this Court approve the form and manner of service of the Combined Notice in the foregoing manner.

### G.      Extension and Conditional Waiver of the 341 Meeting and the Filing of SOFAs and Schedules

62.     The Debtor also requests that the Scheduling Order provide that: (i) the 341 Meeting shall not be scheduled by the U.S. Trustee before February 9, 2017, which is approximately sixty-two (62) days from the Petition Date; (ii) the time for filing the SOFAs and Schedules be extended until the same date; and (iii) if the Plan is confirmed on or before February 9, 2017, the 341 Meeting will be waived, and the Debtor will be excused from filing the SOFAs and Schedules, in each case without further order of the Court.  This relief is appropriate under the circumstances, because the Debtor anticipates the near-term confirmation of the Plan and subsequent emergence from chapter 11, with all holders of Allowed General Unsecured Claims paid in full, in cash.  Granting this relief conditionally at the outset of the Chapter 11 Case allows the U.S. Trustee to schedule a 341 Meeting if it eventually becomes appropriate to do so.

63.     While section 341 of the Bankruptcy Code requires the U.S. Trustee to convene and preside at a meeting of creditors, it also provides for the following exception:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the

25

commencement of the case.

11 U.S.C. § 341(e).  The Debtor solicited the requisite acceptances of the Plan by the Voting

Class before the Petition Date, and, therefore, the requested conditional relief pursuant to Section

341(e) of the Bankruptcy Code is appropriate here.

64.     The Debtor also requests that the time for filing its SOFAs and Schedules be

extended until February 9, 2017, and be waived in the event that the Plan is confirmed on or

before February 9, 2017.  The Court is authorized to grant the Debtor an extension of the time to

file its SOFAs and Schedules "for cause" pursuant to Bankruptcy Rule 1007(c).  Sufficient cause

exists here because requiring the Debtor to file Schedules in the first fourteen (14) days of this

Chapter 11 Case would divert management's time and attention from ensuring a smooth

transition into Chapter 11 and a prompt emergence from Chapter 11.  Even if filed on the current

deadline, the SOFAs and Schedules would be of little benefit to most parties in interest in this

Chapter 11 Case, while requiring a substantial expenditure of time and resources by the Debtor

to prepare and file.  Therefore, the Court should only require the Debtor to file SOFAs and

Schedules if the Plan is not confirmed within the timetable contemplated by the Debtor and its

major constituencies.

65.     Courts in this District and other districts have waived the requirements for a

debtor to file Schedules and SOFAs and for the U.S. Trustee to convene a 341 Meeting in other

prepackaged chapter 11 cases under similar circumstances.  *See e.g.*, *In re Light Tower Rentals,

Inc.*, No. 16-34284 (DRJ) (Bankr. S.D. Tex. Sept. 1-2, 2016) (ECF No. 44) (permanently

waiving requirement to file schedules and statements upon confirmation if plan confirmed by

deadline), (ECF No. 54) (directing U.S. Trustee not to convene a meeting of creditors if plan

confirmed by deadline); *In re RCS Capital Corp.*, No. 16-0223 (MFW) (Bankr. D. Del. Mar. 29,

2016) (ECF No. 423); *In re Offshore Group Inv. Ltd.,* No. 15-12422 (BLS) (Bankr. D. Del. Dec.

26

4, 2015) (ECF No. 37).[9]

66.     The Debtor reserves the right to supplement this Motion and requests that any relief granted be without prejudice to the Debtor's ability to seek further extension or modification of the requirements to file Schedules and SOFAs and for the U.S. Trustee to convene a 341 meeting.  In this regard, the Debtor requests that the Court authorize the Debtor to further extend the deadline to file Schedules and SOFAs and convene a 341 Meeting without filing a supplemental motion so long as it has procured advance consent from the U.S. Trustee.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND (h)

67.     To implement the foregoing immediately, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

68.     Nothing contained herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under Section 365 of the Bankruptcy Code; (d) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (e) a waiver of any claims or causes of action which may exist against any entity.

## NOTICE

69.     The Debtor has provided notice of this Motion to (a) the Office of the United

---

[9]         Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtor's proposed counsel.

US-DOCS\73579209.15

States Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) counsel to the indenture trustee for the Debtor's prepetition senior unsecured notes; (d) counsel to Dynegy Inc.; (e) counsel to the Ad Hoc Group of Noteholders; (f) the Internal Revenue Service; (g) the Federal Energy Regulatory Commission; (h) the Environmental Protection Agency; (i) the United States Attorney for the Southern District of Texas; and (j) any party that has requested notice pursuant to Rule 2002 of the Bankruptcy Rules.  In light of the nature of the relief requested, the Debtor submits that no other or further notice is required or needed under the circumstances.

## NO PRIOR APPLICATION

70.     No prior request for the relief sought herein has been made to this Court or any other court.

*[The remainder of this page is intentionally left blank.]*

28

WHEREFORE, the Debtor respectfully requests that the Court enter the Scheduling Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  December 9, 2016
          Houston, Texas

Respectfully Submitted,

/s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II (Texas Bar No. 240112503)
Robin Russell (Texas Bar No. 17424001)
Joseph W. Buoni (Texas Bar No. 24072009)
**ANDREWS KURTH KENYON LLP**
600 Travis Street, Suite 4200
Houston, TX 77002
Tel:  713-220-4200
Fax: 713-220-4285
Email:  TadDavidson@andrewskurth.com
          RRussell@andrewskurth.com
          JosephBuoni@andrewskurth.com

-and-

Caroline A. Reckler (*pro hac vice admission pending*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel:  312-876-7700
Fax:  312-993-9767
Email:  caroline.reckler@lw.com

-and-

Kimberly A. Posin (*pro hac vice admission pending*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue
Los Angeles, CA 90071
Tel:  213-485-1234
Fax:  213-891-8763
Email:  kim.posin@lw.com

*Proposed Co-Counsel for the Debtor and Debtor in Possession*

29